## Andrew J. Nicholas & Co., Inc., v. Powell

*Robert S. Shaw*, for plaintiffs.

*Griffith, Kurtz & Harvey*, for individual defendants.

*George J. Brutscher*, for corporate defendant.

GAWTHROP, P. J., July 6, 1960.—In this action in assumpsit a board of arbitrators, appointed and acting under the Act of June 16, 1836, P. L. 715, as

amended, 5 PS §30 ff., and the rules of this court, after hearing made and filed an award in favor of plaintiff against defendants Alfred H. Powell, Jr., Eugene Powell and Harold P. Powell, individually and as copartners trading as Powell Brothers, hereinafter called "Powells", and expressly in favor of defendant Oxford Royal Mushroom Products, Inc., hereinafter called "Oxford". From that award Powells alone timely filed an appeal. By its terms they appealed on their own behalf only, without purporting to act on behalf of Oxford. Promptly thereafter Oxford filed of record its disclaimer and disavowal of participation in the appeal. Powells subsequently filed a motion to strike off the disavowal as lacking in conformity to law and the rules of court. The motion must be overruled.

An appeal from an award of arbitrators by one of two defendants will not be considered an appeal by both unless on its face it appears to be so intended, and where the other is no party to the appeal or to any subsequent proceedings there is nothing to render him a party to it *"if he should choose to disavow it"*, and refuses to be a party to any verdict and judgment which might be rendered on it. (Italics supplied.) He must be considered as content with the award as made: Rice v. Foster, 2 W. & S. 58. Even if one of several defendants alone takes an appeal and files a recognizance purporting to be on behalf of all, if another defendant comes into court and desires to be severed he may do so and the appeal will proceed only on behalf of the others: LaFitte v. LaFitte, 2 S. & R. 107. A finding by arbitrators against one only of two defendants amounts in law to a finding in favor of the other as in the case of a verdict of like character: Lentz v. Stroh, 6 S. & R. 34, 38.

Where two defendants were sued as partners and arbitrators made an award in favor of plaintiff

against one defendant only, who undertook to appeal for both, it was held by Rice, P.J., later President Judge of the Superior Court of Pennsylvania, that the award caused a severance of defendants as complete and effectual as if the successful defendant had made a several defense upon his own separate pleadings, and his codefendant had no right or power to compel him to proceed further with a case which as to him had terminated favorably. Therefore a rule to amend the record of the appeal so as to limit it to the appeal of the unsuccessful defendant was granted: Monohan v. Lloyd & Griffiths, 2 Kulp 140. A fortiori, Oxford, as one of two defendants sued severally, may not without its consent be made a party to an appeal taken by Powells alone, in their names only, without authority to act on behalf of, or purporting to be taken for, Oxford.

The practice of filing a "disavowal", is indicated and approved by our Supreme Court in Rice v. Foster, supra. While uncommon and unfamiliar practice, we believe such an instrument or statement, like any other unequivocal declaration to similar effect, is appropriate under the circumstances, although it may be argued that Powell's appeal, in its effect upon Oxford, is a nullity in any event even without such disavowal.

And now, July 6, 1960, the motion to strike off the disclaimer and disavowal is overruled.